**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-12-01363-001-PHX-SMB |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Indalecio Castro-Ponce, | |
| Defendant. | |

Before the Court is Defendant Idalecio Castro-Ponce's Motion for Compassionate Release (Doc. 302) pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government opposes the Motion (Doc. 306), and Defendant has filed a Reply (Doc. 307). The Court has also considered the Letter in Support of Defendant's Motion (Doc. 303). For the following reasons, the motion will be denied.

## I.    BACKGROUND

On April 12, 2012, Defendant Idalecio Castro-Ponce was found guilty of conspiracy to possess with intent to distribute 500 grams or more of methampethamine, and (2) counts of possession with intent to distribute 500 grams or more of methamphetamine. (Doc. 138.) Defendant was initially sentenced to two hundred forty (240) months imprisonment (Doc. 181), but later sentenced to two hundred and sixteen (216) months following remand from the Ninth Circuit (Doc. 248).

Defendant is currently housed at the Federal Correctional Institution in Lompoc, California. (Doc. 306 at 4.) Defendant's projected release date is November 11, 2026.

(*Id.*)

## II.    LEGAL STANDARD

Generally, a sentence may not be altered once imposed.  However, "Congress provided one such 'narrow' exception—sometimes called compassionate release—for when 'extraordinary and compelling reasons' warrant reducing a defendant's sentence. *United States v. Bryant*, 144 F.4th 1119, 1123 (9th Cir. 2025).  This exception is codified at § 3582(c)(1)(A).

Prior to the enactment of the First Step Act of 2018, motions for compassionate release could only be filed by the Bureau of Prisons.  § 3582(c)(1)(A) (2002). However, under the First Step Act, defendants who are imprisoned may now bring their own motions for compassionate release in the district court after exhausting administrative remedies with the Bureau of Prisons.  § 3582 (c)(1)(A) (2018).  Importantly, a motion for compassionate release is not an opportunity for "plenary sentencing." *United States v. Kelley*, 962 F.3d 470, 475 (9th Cir. 2020).  "Rather, compassionate release is a limited, discretionary exception to the default rule that a federal defendant will serve his entire sentence." *Bryant*, 144 F.4th at 1127.

A court's discretion to grant a motion for compassionate release is governed by three substantive considerations: (1) "whether 'extraordinary and compelling reasons warrant' a sentence reduction"; (2) "whether a reduction would be 'consistent with applicable policy statements issued by the Sentencing Commission"[1]; and (3) "the court must consider and weigh the factors set for in 18 U.S.C. § 3553(a) to decide whether the requested sentence reduction is warranted." *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022) (emphasis omitted) (quoting § 3582(c)(1)(A)).  A court "may deny the defendant's motion if he fails to satisfy any of these conditions." *Bryant*, 144 F.4th at 1123.

---

[1]  Previously, the Sentencing Commission's statements in U.S.S.G. § 1B1.13 informed but did not bind a court's discretion regarding § 3582(c)(1)(A) motions. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).  "Now, courts are 'bound by' § 1B1.13 in deciding all compassionate release motions under § 3528(c)(1)(A)." *Bryant*, 144 F.4th at 1124 (quoting *United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022)).

### III.    DISCUSSION

The Government concedes that Defendant exhausted his available administrative remedies (Doc. 306 at 5), so the Court turns to whether there are extraordinary and compelling reasons to reduce Defendant's sentence.  The Court finds there are none.

Defendant proffers one "extraordinary and compelling reason" for his release: he is needed to take care for his elderly mother.  Defendant states that his mother "is an elderly senior of age 78 years old and resides alone in Mexico and she is physically and medically incapacitated."  (Doc. 302 at 1.)  He states she has "severe arthritis affecting both of her knees, diabetes type II, loss of vision, hypertension, high cholesterol, hyperlipidemia," and thereby requires "24-hour assistance for basic daily activities, such as getting a bath, cooking, getting in and out of bed, walking, cleaning, groceries, etc." (*Id.* at 6.)  Defendant also notes that his mother has undergone replacement of both of her knees and experiences difficulty walking up and down the stairs, kneeling, and standing from a sitting position. (*Id.*)  In support of his Motion, Defendant submitted a letter from his mother affirming her foregoing symptoms.  (Doc. 303.)  She adds that her grandson previously lived with her and provided her daily care. (*Id.*)  However, since her grandson passed away on November 28, 2023, she has lived alone.  (*Id.*)

"Congress did not define the first condition, 'extraordinary and compelling reasons.'"  *Bryant*, 144 F.4th at 1123.  Rather, it "instructed the Sentencing Commission—'in promulgating general policy statements' for § 3582(c)(1)(A)—to 'describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.'" *Id.* (quoting 28 U.S.C. § 994(t)).  "The commission answered Congress's call with § 1B1.13 of the Sentencing guidelines."  *Id.*  Section 1B1.13(b)(3)(C) provides that extraordinary and compelling circumstances exist when the defendant's parent is incapacitated and "the defendant would be the only available caregiver for the parent."  Therefore, Defendant must prove (1) that his mother is incapacitated and (2) that he is the only available caregiver.

- 3 -

Defendant fails to prove his mother is incapacitated. Both Defendant and his mother confirm that—although done with great difficulty—she can still walk, climb stairs, stand up, bathe, cook, clean, and buy groceries. Defendant's mother essentially concedes that she can perform these movements unassisted because she states she has lived alone since her grandson passed away. Although Defendant's mother's difficulty in accomplishing these tasks is lamentable, her struggle does not amount to incapacitation. *See United States v. Ross*, No. 4:17-CR-00102-AKB-1, 2024 WL 3677337, at *2 (D. Idaho Aug. 5, 2024) ("Many inmates have aging and sick parents, however, and that status alone does not create an extraordinary and compelling reason for sentence release."). The Bureau of Prisons program statement regarding compassionate release defines "incapacitation" to mean "completely disabled," meaning that the individual "cannot carry on any self-care and is totally confined to a bed or chair." [2] *See* Federal Bureau of Prisons, Program Statement No. 5050.50, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)* (Jan. 17, 2019), https://www.bop.gov/policy/progstat/5050_050_EN.pdf. Here, Defendant's mother is not confined to a bed or chair and is capable of carrying on self-care, albeit laboriously. Accordingly, the Court finds that Defendant has not shown that his mother is incapacitated. *See United States v. Bixby*, No. 22-CR-2824-TWR-4, 2025 WL 449741, at *2 (S.D. Cal. Feb. 10, 2025) (holding that defendant's mother was not incapacitated though she had reduced mobility, issues with incontinence, and was wheelchair bound).

Nor has Defendant shown he is the only available caregiver for his mother. Defendant has six sisters. (Doc. 307 at 1.) He contends they are not available, in part, because they "reside in the United States with their own individual families." (*Id.*) Attached to his Reply, is an email from Defendant's sister discussing their various situations. (Doc. 307 at 8.) In that letter, the sister acknowledges that one sister "always

---

[2] Courts look to the Bureau of Prisons's program statements for persuasive guidance in understanding § 1B1.13(b)(3)'s use of incapacitation. *See e.g.*, *United States v. Castle*, No. 2:15-CR-00190-KJM-DB-2, 2024 WL 3429668, at *2 (E.D. Cal. July 16, 2024); *United States v. McKinney*, No. CR18-096RSM, 2020 WL 6076898, at *4 (W.D. Wash. Oct. 15, 2020) (citing cases).

requests time off to take our mother to her medical appointments and has never missed one." (*Id.*) Additionally, the letter states that the sisters tried having their mother "stay one week at a time in each of our homes, but she becomes anxious when away from her own house, and it is difficult for us because of our work and distance." (*Id.*) Therefore, although Defendant's release to take care of his mother might be more convenient for the family, the Court finds that Defendant is clearly not the only available caregiver for his mother. Accordingly, Defendant fails to prove an extraordinary and compelling reason for reducing his sentence.

## IV.    CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Compassionate Release (Doc. 302) is **denied**.

Dated this 9th day of March, 2026.

Honorable Susan M. Brnovich
United States District Judge

- 5 -